CEDAR RAPIDS NAT. BANK v. BARNES.

(Court of Civil Appeals of Texas. Austin. Jan. 3, 1912.)

BILLS AND NOTES (§§ 150, 370*) — INSTRUMENTS CONSTITUTING NEGOTIABLE NOTES.

A buyer signed an obligation in the form of a note, payable to the order of the seller, on the same sheet of paper with a written order for the goods, but followed after the order and printed between the two were the words, "To be detached and delivered to the shipping department," and immediately under the words and above the obligation was a perforated dotted line. Held, that the obligation was a negotiable instrument when detached, and a purchaser for value before maturity and without notice was not subject to the defense that the goods sold were worthless or not such as had been represented by the seller.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. §§ 150, 370.*]

Appeal from Falls County Court; W. E. Rogers, Special Judge.

Action by the Cedar Rapids National Bank against Quincy Barnes. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Spivey, Bartlett & Carter, for appellant. Nat Llewellyn, for appellee.

KEY, C. J. This suit originated in the justice's court, but was finally disposed of in the county court, where a judgment was rendered for the defendant, and the plaintiff has appealed. The suit was founded upon an instrument of writing in the form of a promissory note, which obligated the defendant to pay to the order of the Barton-Parker Manufacturing Company $240 in five installments of $48 each, payable in four, six, eight, ten, and twelve months after date, and containing a stipulation that the failure to pay either sum when due would confer upon the payee an option to declare the entire amount due. The plaintiff admitted in its petition that the first installment had been paid, and sued to recover the balance of $192, with interest from the time it had elected to declare the whole amount due. The plaintiff also alleged that it was a purchaser for value before maturity. The defendant averred in his answer that the note sued on had been altered, in that it was a part of a contract signed by him in ordering certain goods, and that the note had been wrongfully detached from the contract. He also alleged that the note was given as the consideration for certain jewelry purchased by him from the Barton-Parker Manufacturing Company, which jewelry the seller had guaranteed to be good, but which was in fact worthless, and therefore the consideration for the note had failed. The undisputed proof showed that appellant was a purchaser of the note for value before its maturity, and in due course of trade. It also showed that appellant had elected to declare the entire balance due on July 27, 1907. The trial court found as a fact, and the proof shows, that the defendant signed the obligation sued on, together with the written order for certain jewelry; that the obligation sued on was on the same sheet of paper with the order, but followed after the order; and that printed between the two were these words, "To be detached and delivered to shipping department," and immediately under those words, and above the obligation sued on, was a perforated, dotted line.

Notwithstanding the foregoing facts, the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

trial court held that the order for the goods and the note sued on constituted one contract, and that the Barton-Parker Manufacturing Company had no authority to detach and negotiate the latter. In that ruling we think the court erred. Considering the terms of the instruments referred to, and especially the printed stipulation between the order and the note, "To be detached and delivered to the shipping department," and the fact that by its very terms the note was made payable to the order of the Barton-Parker Manufacturing Company, we think it was the intention of the parties that the latter should constitute a negotiable instrument, and that the Barton-Parker Manufacturing Company was authorized to detach and use it as such. This being the case, and the undisputed proof showing that appellant was a purchaser for value, without notice and before maturity, appellee cannot defend upon the ground that the jewelry for the purchase of which the obligation was given was worthless, or not such as it had been represented.

The judgment of the county court is reversed, and judgment here rendered for appellant for $192, together with 6 per cent. interest from July 27, 1907.

Reversed and rendered.